UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:20-cv-40017

| | |
|---|---|
| SHAWN DAVIS, | ) |
| *PLAINTIFF,* | ) |
| VS. | ) |
| ANNIE DOOKHAN, COMMONWEALTH OF MASSACHUSETTS MIDDLESEX DISTRICT ATTORNEY'S OFFICE, *DEFENDANTS*. | ) |

## **PLAINTIFF SHAWN DAVIS'S MOTION TO ENLARGE TIME FOR SERVICE**

Plaintiff hereby moves to extend his time to serve the Defendant to forty-five days from the allowance of this Motion as good cause exists to do so.

## **BACKGROUND**

1. The Complaint was filed on February 20, 2020. Docket Entry 1.

2. On March 10, 2020, Governor Baker declared a State of Emergency in Massachusetts to respond to COVID-19, the novel Coronavirus. https://www.mass.gov/executive-orders/no-591-declaration-of-a-state-of-emergency-to-respond-to-covid-19

3. On March 13, 2020, President Trump declared a National Emergency. https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/

4. As a result of the State of Emergency and National Emergency, numerous businesses were shut down, and in person contact was highly discouraged.

## STANDARD

In essence, the rule in its present form allows the court "on its own initiative" to dismiss the action without prejudice if service of the complaint is not accomplished within one hundred twenty days or to "direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). *Cruz v. Hampden County*, 1998 U.S. Dist. LEXIS 18434, *4-5, 42 Fed. R. Serv. 3d (Callaghan) 206. There is no good cause prerequisite to the exercise of the court's discretion in this manner. *Id.* To the extent that a plaintiff shows good cause for the failure of service, the rule mandates the court to "extend the time for service for an appropriate period." *Id.* Thus, a demonstration of good cause *requires* an extension of time to serve, but the absence of good cause [*5] does not prevent the court from extending the time of service in the exercise of its discretion. *Id. citing Henderson v. United States*, 517 U.S. 654, 658 n.5, 134 L. Ed. 2d 880, 116 S. Ct. 1638 (1996) (Rule 4(m) permits a district court to enlarge the time for service "even if there is no good cause shown") (quoting in dicta the Advisory Committee's Notes on 1993 Amendments to Fed. R. Civ. P. 4).

## ARGUMENT

Good cause exists for the plaintiff's failure to timely effect service; essentially the state and the country were largely shut down as the result of an unprecedented global pandemic. Accordingly, granting an enlargement of the time to serve is warranted.

Even absent good cause, the Court is entirely within its discretion to grant the plaintiff's motion and allow this matter to proceed on the merits. There is a strong preference for cases to be decided on the merits. Medeiros v. United States, 621 F.2d 468, 470, 1980 U.S. App. LEXIS 17160, *3-4. The plaintiff's delay in effecting service certainly did not arise out of bad faith, a dilatory tactic, or other misconduct. Accordingly, plaintiff respectfully requests that, should the Court find good cause does not exist, the Court exercise its discretion and allow plaintiff's motion to enlarge.

No prejudice will result to the defendant should plaintiff's motion be allowed, as a result of the modest extension sought, there is no potential for prejudice on the part of the defendant.

**CONCLUSION**

As good cause exists to allow plaintiff's motion, and the Court has the discretion to allow the motion even absent a showing of good cause, and in consideration of the lack of prejudice that will result to the defendant, plaintiff respectfully requests that this Honorable Court allow her motion to enlarge the time for service by 45 days from the allowance of this motion.

Respectfully Submitted,

/s/Matthew J. Holmes
Matthew Holmes, Esquire
BBO No. 675994
Eden Rafferty
238 Shrewsbury Street
Worcester, MA 01604
(508) 795-1601
mholmes@edenrafferty.com

June 17, 2020

# CERTIFICATE OF SERVICE

  I, Matthew J. Holmes, certify that on this 17th day of June, 2020, a copy of the above pleading was filed with the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                /s/Matthew J. Holmes
                Matthew J. Holmes